IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01296-WYD-MJW

PUEBLO COUNTRY CLUB,

   Plaintiff(s),

v.

AXA CORPORATE SOLUTIONS INSURANCE COMPANY, f/k/a GLOBAL RISKS US INSURANCE COMPANY,

   Defendant(s).

**ORDER**

THIS MATTER is before the Court on the Motion to Strike Cross-Motion for Summary Judgment, filed October 5, 2006 (document #69), by Defendant AXA Corporate Solutions Insurance Company ("AXA").  In the motion, AXA requests that I strike the Cross-Motion for Summary Judgment filed by Plaintiff Pueblo Country Club ("PCC") on September 6, 2006 (docket #57).

Pursuant to the Scheduling Order entered in this case, as amended by the Minute Order entered April 24, 2006, "[a]ll dispositive motions shall be filed on or before August 1, 2006."  On August 1, 2006, AXA filed a Motion for Summary Judgment and a brief in support.  PCC filed three motions for extension of time to respond to AXA's motion for summary judgment on August 15, 2006, August 24, 2006, and September 1, 2006, respectively.  PCC was ultimately granted permission to file its Response on or before Tuesday, September 5, 2006.  On September 6, 2006, PCC

filed, as three separate docket entries, a Response to Defendant's Statement of Undisputed Material Facts (docket #56), a Cross-Motion for Summary Judgment (docket #57), and a Combined Brief in Response to Motion for Summary Judgment and In Support of Cross Motion for Partial Summary Judgment (docket #58).

My Practice Standards state that any party opposing a motion for summary judgment "shall provide a 'Response to Undisputed Material Facts' in its brief." Judge Wiley Y. Daniel's Practice Standards (Civil and Criminal Cases), Revised as of May 30, 2006, Section III(B)(4). PCC should have included its response to AXA's statement of undisputed material facts within its response to AXA's motion for summary judgment. Moreover, pursuant to D.C.Colo.L.CivR 7.1(C), "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." PCC should not have filed a combined brief in support of both its response to AXA's motion for summary judgment, and in support of its cross-motion for summary judgment. On September 15, 2006, I struck PCC's combined brief with leave to refile. On September 20, 2006, PCC refiled its brief in support of its cross-motion for summary judgment. However, as AXA notes in its motion to strike, PCC's cross-motion was filed well outside the deadline for filing dispositive motions as set forth in the Scheduling Order. Moreover, PCC never requested an extension of time to file its cross-motion out of time. Therefore, I find that the motion to strike should be **GRANTED**. It is hereby

ORDERED that the Cross-Motion for Summary Judgment filed September 6, 2006 (docket #57), and the Brief in Support of Cross-Motion for Partial Summary Judgment on Defendant's Counterclaim for Reimbursement, filed September 20, 2006

(docket #66) are **STRICKEN** as untimely.

Dated: October 11, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge